UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DARNELL MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 20-3203 |
| | ) | |
| SHANNON RICHNO, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Lincoln Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment violation. Plaintiff filed a Petition to Proceed *in forma pauperis*. (Doc. 3).

Title 28 U.S.C. § 1915(g) provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g). Plaintiff has, on three or more occasions, accumulated strikes under Section 1915(g). *See Mitchell v. Watson,*

No. 18-3021, Text Order entered Feb. 5, 2018 (listing Plaintiff's strikes).

Plaintiff may only proceed only if he alleges he is under imminent danger of serious physical injury. The imminent danger inquiry is two-pronged. The first prong is construed narrowly to include genuine emergencies where "time is pressing" and a "threat . . . is real and proximate." *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Furthermore, the harm must be occurring "at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). The second prong, danger, must be of "serious physical injury." 28 U.S.C. § 1915(g); *Fletcher v. Deathridge*, 2008 WL 4724173, at *2 (C.D. Ill. Oct. 23, 2008).

Plaintiff alleges that he has been diagnosed with auto-immunodeficiency syndrome (AIDS) which places him at an increased risk for complications if he were to contract Covid-19. Plaintiff alleges that he was denied early release made available to IDOC inmates pursuant to Governor Pritzker's emergency Covid-19 declaration. Plaintiff also alleges that Defendants "are not doing their ministerial duties," that they are violating his constitutional

rights and state law, and that he has written to numerous state officials about his plight to no avail. Plaintiff alleges that he spent three days at an outside hospital after he swallowed 120 pills.

Some question remains as to whether the denial of Plaintiff's request for release or a less restrictive confinement is cognizable under § 1983, *see Money v. Pritzker*, 453 F. Supp. 3d 1103, 1119 (N.D. Ill. 2020), or whether such relief is only available in a habeas corpus proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). To the extent that Plaintiff alleges that his preexisting medical conditions place him at an increased risk of harm arising from Covid-19, Plaintiff has not provided any information regarding the steps, if any, prison officials have taken to mitigate those risks. Plaintiff cannot rely solely on the violation of state law to establish a constitutional violation. *Guarjardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010) ("[A] violation of state law is not a ground for a federal civil rights suit.").

The Court finds that Plaintiff has not satisfied the imminent danger requirement. Plaintiff's Petition to Proceed in forma pauperis (Doc. 3) is denied. Plaintiff must pay the $400.00 filing fee in full as directed below. In the alternative, the Court grants Plaintiff leave to

renew his petition to proceed in forma pauperis and leave to file a proposed amended complaint that provides any additional information he wishes the Court to consider. Any amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Petition to Proceed in forma pauperis [3] is denied. Plaintiff shall, within 21 days of this Order, pay the $400.00 filing fee in full, or renew his petition to proceed in forma pauperis and file a proposed amended complaint that provides more information regarding his present situation. Failure to do so will result in dismissal of these claims without prejudice.

2) Plaintiff filed a Motion to Request Counsel [4]. Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own.  A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received.  Because Plaintiff has not satisfied the first prong, the Court does not address the second. Plaintiff's motion [4] is DENIED with leave to renew.

3) Plaintiff's Motion for Status [5] is denied as moot.

Entered this 19th day of October, 2020.

                              s/ Harold A. Baker
                              HAROLD A. BAKER
                      UNITED STATES DISTRICT JUDGE