UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DARNELL MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 20-3203 |
| | ) |
| SHANNON RICHNO, *et al.* | ) |
| | ) |
| Defendants. | ) |

## **MERIT REVIEW ORDER #2**

Plaintiff, a *pro se* prisoner who has accumulated three or more strikes under 28 U.S.C. § 1915(g), seeks leave to proceed in forma pauperis. The Court dismissed Plaintiff's original complaint for failure to satisfy the imminent danger requirement with leave to file an amended complaint. (Doc. 6).

Plaintiff alleges in his amended complaint that he has been diagnosed with auto-immunodeficiency syndrome (AIDS), placing him at an increased risk for complications if he were to contract Covid-19. Plaintiff alleges that prison officials assigned him to live with a symptomatic Covid-19-positive inmate. Plaintiff also alleges that prison officials have denied him prescribed medications for his mental health conditions. Plaintiff alleges that he suffers from panic attacks and suicidal ideation as a result.

Plaintiff has sufficiently alleged imminent danger of serious physical harm for purposes of § 1915(g). *See Sanders v. Melvin*, 873 F.3d 957, 961 (7th Cir. 2017). The Court finds, pursuant to 28 U.S.C. § 1915A, that Plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Hopp, Stahl, Alexander, Jennings, and Patterson, and an Eighth Amendment conditions-of-confinement claim for the alleged cell assignment against Defendant John Doe. Plaintiff will need to

identify the prison officials responsible for his cell assignment through discovery.

Plaintiff does not state a claim for the alleged denial of discretionary sentence credit or a medical furlough. Violations of state law, on their own, do not create a federally enforceable right. *Guarjardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010). Habeas corpus is the exclusive remedy for inmates challenging a fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Plaintiff does not make any specific allegations against the remainder of the named defendants. These defendants will be dismissed without prejudice.

**It is therefore ordered:**

     1.    Plaintiff's Motion to Amend Complaint [7] is granted. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.

     2.    Plaintiff's Petition for Leave to Proceed in forma pauperis [8] is granted. Clerk is directed to enter the standard text order assessing the initial partial filing fee.

     3.    Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Hopp, Stahl, Alexander, Jennings, and Patterson, and an Eighth Amendment conditions-of-confinement claim for the alleged cell assignment against Defendant John Doe. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

     4.    This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

5. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

6. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

7. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

8. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an

appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

  9. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

  10. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

  11. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

  12. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

  13. The clerk is directed to terminate Defendants Richno, Ruskin, Calloway, Roberson, Hess, Herbertt, Winans, Calhoun, Bennidict, Kuntz, Myers, Grisham, Dowdy, Bauman, Maddox, Bounda, Kotterman, Brewer, Shannon, Jones, Samuel, Johnson, Troxell, Trejos, Houston, Mittleman, Mayberry, Pritizker, Jeffreys, Lindsay, Williams, Simmons, Behm, Patel, Young, Cann, Gedman, Holmes, Lehman, and Majors.

  14. The clerk is directed to add T. Jennings and John Doe as defendants.

  15. The clerk is directed to attempt service on Defendants Hopp, Stahl, Alexander, Jennings, and Patterson pursuant to the standard procedures.

  16. Plaintiff's motion for counsel [10] is denied, with leave to renew upon demonstrating that he made attempts to hire his own

counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

17. Plaintiff's Motions [9][11] are denied as moot.

Entered this 8th day of December, 2020.

s/ Harold A. Baker
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE